# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BERNARD KELLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 1:15-cv-1266-BAM<br><br>ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND |

Plaintiff Paul Kellen ("Plaintiff") seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disabled Adult Child Benefits[1] ("DAC") under Title II of the Social Security Act.[2] The matter is before the Court on the parties' briefs, which were submitted without oral argument to Magistrate Judge Barbara A. McAuliffe. Having carefully considered the parties' briefs, as well as the entire record in this case, the Court finds the decision of the Administrative Law Judge ("ALJ") is not supported by substantial

---

[1] DAC benefits are available for a disabled child of a person who is deceased or drawing Social Security disability or retirement benefits. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5). To be eligible for DAC benefits, an applicant who is 18 years old or older must have become disabled before age 22. 42 U.S.C. § 402(d); 20 C.F.R. § 404.350(a)(5).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to conduct all further proceedings in this case before the Honorable Barbara A. McAuliffe, United States Magistrate Judge. (Docs. 7, 9).

1

evidence in the record and is not based upon proper legal standards. Accordingly, the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this Order.

## FACTS AND PRIOR PROCEEDINGS

On February 27, 2012, Plaintiff filed his application for DAC alleging disability beginning June 15, 1979. AR 149-150.[3] Plaintiff's application was denied initially and on reconsideration. AR 40-48; 49-58. Subsequently, Plaintiff requested a hearing before an ALJ. AR 12. ALJ Robert Lowenstein held a hearing on February 13, 2014, and issued an order denying benefits on February 20, 2014. AR 12-16. The ALJ's decision became the final decision of the Commissioner of Social Security when the Appeals Council denied Plaintiff's request for review. AR 1-3. This appeal followed.

### Plaintiff's Testimony

The ALJ held a hearing on February 13, 2014, in Fresno, California. AR 21-39. Plaintiff appeared and testified. AR 23. He was represented by attorney Melissa Proudian. AR 23.

Plaintiff was born on June 13, 1965, and was 48 years old at the time of the hearing. AR 27. He is 5'11 and weighs 149 pounds. AR 27. He has no children and has never been married. He does not drive and has never had a driver's license. AR 28. Plaintiff has never worked or had a job. AR 28. Plaintiff alleges he has been unable to work because he has suffered from severe obsessive compulsive disorder ("OCD") and Anxiety Disorder since he was fourteen years old.

When asked about the history of his impairments, Plaintiff testified that he first went to see a psychiatrist, Dr. Gonzales, when he was eight years old. AR 29. He was unable to produce medical records from those visits because he was informed that Dr. Gonzales' records had been destroyed. AR 30. Plaintiff reported that he had frequent headaches and stomachaches at that age related to his anxiety issues. AR 31. He further testified that he stopped traveling to school and began an independent study program at home at the age of fourteen due to his condition. AR 36. He later took, and passed, the California High School Proficiency Examination two weeks before he turned sixteen. AR 29. When he was 35 years old, Plaintiff graduated from Fresno State University with a bachelor's degree in history. AR 28.

---

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

2

After examining Plaintiff's evidence, the ALJ explained to Plaintiff that his records were vague and lacked specificity. AR 30, 33. He noted that many of Plaintiff's receipts did not indicate the nature of the medical visit or a diagnosis but merely that a certain amount was paid to the facility. AR 32. In concluding the hearing, the ALJ told Plaintiff that records dating after Plaintiff attained the age of 22 may be helpful if Plaintiff opts to file for other types of social security benefits, but as for Plaintiff's current child disability claim, the ALJ noted that his "hands were tied." AR 36.

### Medical Record

The entire medical record was reviewed by the Court. AR 244-320. The medical evidence will be referenced below as necessary to this Court's decision.

### The ALJ's Decision

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 12-16. More particularly, the ALJ found that Plaintiff had not attained age 22 as of June 15, 1979, the alleged onset date. AR 14. Plaintiff had also not engaged in any substantial gainful activity since June 15, 1979. AR 14. The ALJ found that prior to the date Plaintiff attained age 22 there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. As a result, Plaintiff was not disabled under the Social Security Act at any time prior to the date he attained age 22. AR 16.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger,* 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760

F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987); *see also Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 2002).

## **DISCUSSION**

### **1.    The ALJ Failed to Obtain a Medical Expert to Determine Plaintiff's Mental Impairment Onset Date**

Plaintiff's main argument is that the ALJ erred in failing to develop the record by consulting with a medical advisor to determine whether Plaintiff was disabled before Plaintiff attained the age of 22. Plaintiff cites this failure in arguing that the ALJ violated Social Security Ruling ("SSR") 83-20, which provides in pertinent part that "the administrative law judge should call on the services of a medical advisor when onset [of a disability] must be inferred."  (Doc. 16 at 7-14).  The Commissioner responds by arguing that SSR 83-20 is inapplicable because the ALJ denied Plaintiff's claim without making a finding that he was disabled. (Doc. 17 at 4).

On review, the Court concludes the ALJ erred by not seeking the services of a medical advisor to determine the onset date of Plaintiff's impairments from OCD and Anxiety Disorder as required by SSR 83-20.  As a result, the Court does not address Plaintiff's other issue that the ALJ erred at Step 2.

### **A.    Legal Standard**

SSR 83-20 sets forth guidelines for determining the onset date of disabilities. *See* SSR 83-20, 1983 SSR LEXIS 25, 1983 WL 31249. The onset date of disability is defined in the ruling as "the first day an individual is disabled as defined in the Act and the regulations." SSR 83-20, 1983 SSR LEXIS 25, 1983 WL 31249. With respect to disabilities with difficult-to-discern onset dates, the SSR states:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other

evidence that describe the history and symptomatology of the disease process. . . . In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

SSR 83-20.

**B.     Pertinent Facts**

The crux of the ALJ's decision denying Plaintiff's application for benefits was based on Plaintiff's failure to present sufficient evidence to support a disability finding prior to June 12, 1987, the age at which Plaintiff turned 22. In alleging that his disability began before he turned 22, Plaintiff presented the following evidence.

<u>Evidence of Mental Impairments Before the Age of 22</u>

The record indicated that Plaintiff began taking homeschool courses in the 9th grade with the objective of taking the California High School Proficiency Exam at the age of 16. AR 171-172. Plaintiff also submitted receipts showing visits to Valley Children's Hospital and Guidance Clinic dated December 19 and 27, 1973 and January 8, 1974. From that same time period, Plaintiff also presented evidence of two prescription records dated December 12, 1973 and January 2, 1974 for Mellaril (Thioridazine), a drug used to treat "anxiety, tension, and behavioral disorders in children." AR 246. Mellaril was prescribed by his treating doctor, Dr. Romulo Gonzalez. AR 248.

Additional records including checks written to the Valley Children's Hospital Guidance Clinic dated September 1979 and in 1980, referencing amounts paid to the institution, were also submitted, along with a receipt for an office visit with Dr. Gonzalez of Valley Children's Hospital Guidance Clinic dated July 28, 1981. AR 249, 251. These receipts did not state the purpose of Plaintiff's visit, only the amounts paid.

<u>Evidence of Mental Impairments After the Age of 22</u>

Plaintiff also submitted evidence pertaining to his mental impairments after age 22. On August 30, 2005, Dr. Sam A. Castro, a treating psychiatrist, wrote a letter excusing Plaintiff from jury duty permanently due to his severe Obsessive-Compulsive Disorder. AR 252. On September

23, 2011, Plaintiff was admitted to Community Medical Center on a "5150" hold as "gravely disabled per Sheriff's Department." AR 263-64, 273. Following his hospitalization, Plaintiff was referred to treatment at the House Psychiatric Clinic from October 2011 through October 2013. AR 284-320. At a November 21, 2011 office visit at the House Psychiatric Clinic, Plaintiff reported that he has a "long history of anxiety disorder," that his mother passed away in 2009 and he has no contact with other family or friends. AR 318. He reported being obsessive about numbers and superstitious beliefs. AR 318.

On May 9, 2012, Dr. Ronald Gandolfo submitted a letter to the Department of Social Services stating that, on the basis of several sessions with Plaintiff, his diagnostic impression was that Plaintiff suffers from Obsessive-Compulsive Disorder and Avoidant Personality Disorder. AR 254. Dr. Gandolfo described Plaintiff as "highly anxious, tense, and very shy" with motor activity "retarded," a lack of eye contact, a "flat" affect, illogical thought processes and "an obsessive preoccupation with fear of doing harm to people, being harmed, and punishment." AR 254.

On March 18, 2013, Dr. Matt House, Plaintiff's treating doctor at the House Psychiatric Clinic, submitted a letter on Plaintiff's behalf opining: "[Plaintiff] has a severe form of obsessive compulsive disorder" with "one of the more severe and treatment resistant cases that I have seen." AR 289. Dr. House further opined that he does "not believe that [Plaintiff] can actively participate in the work force." AR 289. On October 16, 2013, Dr. House opined that "[Plaintiff's] OCD is severe and debilitating" and that Plaintiff "has the most severe OCD that I have seen in my office over the last decade." AR 284. Dr. House further testified that Plaintiff has had "a partial treatment response to medication but his symptoms remain severe and debilitating." AR 284. He further opined that Plaintiff "is not able to maintain employment due to his OCD." AR 284.

**C.   Analysis**

Plaintiff argues that the ALJ was required by SSR 83-20 to employ the services of a medical expert to establish the onset date of his disability. As explained in *Armstrong v. Comm'r*, 160 F.3d 587, 590 (9th Cir. 1998), an ALJ must call a medical expert where the onset date of the disability is unclear. The Commissioner responds, however, that SSR 83-20 does not apply here, because that requirement only applies where a claimant has been found disabled at some time. *See id.*; *see also Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir. 2008) (holding that "SSR 83-20 does not require a

6

medical expert where the ALJ explicitly finds that the claimant has never been disabled"); *see also Lair-Del Rio v. Comm'r*, 380 Fed. Appx. 694, 2010 WL 2170996, *2 (9th Cir. 2010) ("[A]n ALJ must call a medical expert where the onset date of the disability is unclear. However, that requirement . . . only applies where a claimant has been found disabled.") (citations omitted). According to the Commissioner, the issue of when Plaintiff became disabled is irrelevant since the ALJ never found Plaintiff to be disabled, and therefore a medical expert was never required to establish an onset date. (Doc. 17 at 5).

Courts agree that SSR 83-20 ordinarily requires an ALJ to consult a medical advisor when the ALJ has made a finding of disability but the onset of the disability must be inferred from ambiguous evidence. *See, e.g., Hicks v. Astrue*, 2012 U.S. Dist. LEXIS 120794, 2012 WL 3728012, at *2 (E.D. Cal. Aug. 23, 2012) (because the ALJ did not find that Plaintiff was disabled at any time, the ALJ was not required to call a medical expert). The law is less clear, however, as to whether SSR 83-20 applies when the ALJ skips over the question of present disability and denies a disability claim by determining that the claimant was not disabled as of her date last insured. *See Lan Ying Xie v. Colvin*, No. 14-2325, 2015 U.S. Dist. LEXIS 125251, 2015 WL 5542817, at *48-49 (N.D. Cal. Sept. 18, 2015) ("The United States argues that SSR 83-20 does not apply because the ALJ did not make a determination that Plaintiff was disabled at any point. . . .This argument flies in the face of the well-established rule that the ALJ has a duty to develop the record . . . [The ALJ] may not evade her duty to develop the record as to the onset date simply by failing to formally address the question of whether Plaintiff was at any point disabled.").

While the Court agrees that under *Sam v. Astrue*, an ALJ is not required to use a medical expert to infer a disability onset date if the ALJ explicitly finds that the claimant is not disabled, the present case does not fit neatly within that fact pattern. In *Sam v. Astrue*, the ALJ considered the entire medical record looking at both pre-DLI[4] and post-DLI evidence to determine that the claimant did not have a severe impairment before his DLI. 550 F.3d at 809-810. The ALJ found that the claimant had a medically determinable impairment—degenerative changes of the cervical spine—post-DLI, but indicated that the claimant was nonetheless not disabled through the date of the decision. 550 F.3d at 810. The claimant argued on appeal that the ALJ should have consulted a

---

[4] Date last insured ("DLI").

7

medical expert to assist in determining an onset date of disability, and the Ninth Circuit rejected that argument because the ALJ had found the claimant not disabled at any time and therefore there was no "onset of disability" to determine. 550 F.3d at 811.

Defendant's interpretation that a "medical expert opinion [was] not required because Plaintiff was never determined disabled at any point in time including his date last insured" is incorrect. To trigger the procedures required in SSR 83-20 either the ALJ must make an explicit finding of disability or the record must contain substantial evidence showing that the claimant was disabled at some point after the date last insured, thus raising a question of onset date. *Sam v. Astrue*, 550 F.3d at 810-811; *Coryell v. Colvin*, 2014 U.S. Dist. LEXIS 88588, 2014 WL 2949060 (D. Or. June 30, 2014).

As detailed above, there is substantial evidence in the record to suggest that Plaintiff was disabled with OCD and Anxiety disorder at the time he testified. The ALJ so acknowledged in part when he stated that Plaintiff "certainly would have a much stronger case" for SSI benefits, but that he had "not thoroughly examined that evidence." AR 34. The ALJ also noted that "[t]he record clearly shows that the claimant has been experiencing severe symptoms of OCD since 2011." AR 15. Plaintiff's treating psychiatrist opined that "Mr. Kellen's OCD is severe and debilitating" and "the most severe OCD that [he] has seen in [his] office over the last decade." AR 284, 289. Further, an additional earlier treating specialist concurred regarding the severity of Plaintiff's symptoms. AR 254.

Unlike *Sam*, the ALJ here did not make a final determination as to Plaintiff's post DLI evidence because present disability is not essential to eligibility for adult child disability benefits which instead, depends on whether the claimant's "disability existed at any time prior to the date he attained age 22." 42 U.S.C. § 402(d). After having found that Plaintiff was not disabled before he attained the age of 22, the ALJ here explicitly avoided making any findings as to whether Plaintiff became disabled after that date. The ALJ stated that "the issue before me is whether or not you were disabled prior to age 22." AR 29. After explaining to Plaintiff that his records from that time period were "too vague" and "not specific enough," to establish disability before age 22, the ALJ stated that he "stopped his investigation" as to whether Plaintiff was disabled at the time of the hearing. AR 32. *See Koller v. Colvin*, 2014 WL 868830, at *4 (W.D. Wash. Mar. 5, 2014) (ALJ erred in failing to

consider post-DLI evidence to evaluate pre-DLI conditions because the ALJ's decision suggests that he did not consider the entire record, but looked only to whether mental-health diagnoses existed in the pre-DLI evidence).

Several Courts have acknowledged that the text of SSR 83-20 does not permit an ALJ to circumvent its requirements by failing to formally address the question of whether Plaintiff was at any point disabled. *Lan Ying Xie*, 2015 U.S. Dist. LEXIS 125251, 2015 WL 5542817, *14 (applying SSR 83-20 in Title II case and rejecting Commissioner's argument that SSR 83-20 did not apply because the ALJ did not make a determination that Plaintiff was disabled); *Graves v. Colvin*, Case No. 2:15-cv-00106-RFB-NJK, 2016 U.S. Dist. LEXIS 75927, 2016 WL 3360669, *5 (D. Nev. Mar. 29, 2016) (holding that there is no case law to suggest that an ALJ is not required to develop the record pursuant to SSR 83-20 merely because a claimant's disability finding was made by a different ALJ); *Ryan v. Astrue*, 2008 DNH 148 (D.N.H. 2008) (holding that the ALJ may not evade her duty to develop the record as to the onset date simply by failing to formally address the question of whether Plaintiff was at any point disabled.)

Despite substantial evidence in the record, the ALJ declined to consult with a medical advisor, but nevertheless found that Plaintiff did not have a significant impairment by June 12, 1987. "Where, as here, the ALJ all but conceded that Plaintiff suffered from a severe mental impairment sometime after the DLI, [he] may not evade [his] duty to develop the record as to the onset date simply by failing to formally address the question of whether Plaintiff was at any point disabled." *Lan Ying Xie,* 2015 U.S. Dist. LEXIS 125251, 2015 WL 5542817, *14.  Reaching a negative conclusion about the onset date, without medical advisor assistance, violated SSR 83-20 and controlling Ninth Circuit precedent.  *See Burridge v. Colvin,* 2016 U.S. Dist. LEXIS 79966, 2016 WL 3411550, at *2 (C.D. Cal. 2016) (remand required where the ALJ failed to call a medical expert when substantial evidence in the record demonstrated Plaintiff was disabled with Parkinson's at the time she testified). Moreover, this error of the ALJ was not harmless as it was not "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). On remand, the ALJ should review the evidence of the onset of mental impairment with the assistance of a medical advisor pursuant to SSR 83-20.

**2.     Remand is Required**

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990). Remand is warranted where additional administrative proceedings could remedy defects in the decision. *See, e.g., Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, *Kornock v. Harris*, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, *Bilby v. Schweiker*, 762 F.2d 716, 719 (9th Cir. 1985).

This is not an instance where no useful purpose would be served by further administrative proceedings or where the record has been fully developed. Rather, this is an instance where additional administrative proceedings could remedy the defect in the ALJ's decision. *See Treichler v. Comm'r of Soc. Sec. Admin*, 775 F.3d 1090, 1105 (9th Cir. 2014).

## CONCLUSION

Based on the foregoing, this matter is **HEREBY REVERSED** and the case **REMANDED** to the ALJ for further proceedings consistent with this decision.  The Clerk of the Court is **DIRECTED** to enter judgment in favor of Plaintiff.

IT IS SO ORDERED.

Dated:   **February 28, 2017**                    /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE