# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL BERNARD KELLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | Case No. 1:15-CV-01266- BAM<br><br>**STIPULATION AND ORDER FOR AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO EAJA 28 U.S.C. §2412** |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned attorneys, subject to the approval of the Court, that Paul Bernard Kellen (Plaintiff) be awarded attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d), in the amount of four thousand seven hundred thirty-one dollars and sixteen cents ($4,731.16) and nine dollars and thirty-eight cents ($9.38) in postage expense, for a total of four thousand seven hundred and forty dollars and fifty-four cents ($4,740.54). This represents compensation for legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an Order for EAJA fees to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the ability to honor the assignment will depend on whether the attorney fees are subject to any offset allowed under the United States Department of the

Treasury's Offset Program. After the Order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt subject to offset, then the government shall cause the payment of fees approved to be made payable to Melissa Newel or Newel Law (collectively "Plaintiff's counsel"), pursuant to the assignment executed by Plaintiff. Any and all payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and does not constitute an admission of liability on the part of Defendant under EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and costs in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. §406(b), subject to the provisions of the EAJA.

Respectfully submitted,

Dated: May 22, 2017      NEWEL LAW

By: *Melissa Newel*
Melissa Newel
Attorney for Plaintiff
PAUL BERNARD KELLEN

Dated: May 30, 2017      PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel, Region IX
Social Security Administration

By: *Ben A. Porter\**
BEN A. PORTER
(*Authorized by email dated 05/30/2017*)
Special Assistant U.S. Attorney
Attorneys for Defendant

# **ORDER**

Based upon the parties' above Stipulation for the Award and Payment of Equal Access to Justice Act Fees, Costs, and Expenses, IT IS ORDERED that fees and expenses in the amount of four thousand seven hundred thirty-one dollars and sixteen cents ($4,731.16) and nine dollars and thirty-eight cents ($9.38) in expenses, as authorized by 28 U.S.C. §2412(d), for a total of four thousand and seven hundred and forty dollars and fifty-four cents ($4,740.54) be awarded subject to the terms of the Stipulation.

IT IS SO ORDERED.

Dated: **June 1, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE